UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN WALTER JENNEY,

    Plaintiff,

                                                          Case No. 1:06-cv-771

v

                                                          Hon. Wendell A. Miles

STATE OF MICHIGAN,

    Defendant.

_____/

## JUDGMENT APPROVING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On December 4, 2006, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that plaintiff Edwin Walter Jenney's complaint be dismissed for failure to state a claim. Plaintiff has filed objections to the R & R (docket no. 9). The court, having reviewed the R & R filed by the United States Magistrate Judge in this action, and having reviewed the plaintiff's objections, agrees with the reasoning and recommended disposition contained in the R & R.

Among other things, plaintiff objects to the Magistrate Judge's conclusion that Eleventh Amendment immunity bars his action against the State of Michigan in federal court. Plaintiff argues that he may sue for injunctive relief under the doctrine of Ex Parte Young, 209 U.S. 123 (1908). However, that doctrine does not apply insofar as plaintiff is not suing a state officer for an ongoing violation of a federal right. See Frew ex rel. Frew v. Hawkins, 540 U.S. 431-432

(2004) (Ex parte Young's rationale inapplicable to suits brought against state officials alleging state-law violations).  Supreme Court precedent, cited by the Magistrate Judge in the R & R, clearly establishes that an unconsenting State is immune from suits brought in federal courts by its own citizens as well as by citizens of another state.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101, 104 S.Ct. 900, 908 (1984).   This jurisdictional bar applies regardless of the nature of the relief sought.  Id.  Here, there is no question that plaintiff's suit is one against the State of Michigan, which is the only named defendant.

Additionally, plaintiff's claim for damages is subject to dismissal under the doctrine of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), insofar as the plaintiff does not allege that his conviction or sentence has been invalidated.

Plaintiff's objections are overruled, and the court approves and adopts the R & R as the decision of the court.

Entered this 19th day of January, 2007.


                               /s/ Wendell A. Miles
                              Wendell A. Miles, Senior Judge